UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER GREEN,

      Plaintiff,

                                  Civil No: 2:14-CV-11453
                                  HONORABLE PAUL D. BORMAN
v.                               UNITED STATES DISTRICT COURT

JAMES A. CALLAHAN, et. al.,

      Defendants,
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND DISMISSING WITHOUT PREJUDICE THE COMPLAINT**

**I. INTRODUCTION**

Before the Court is Plaintiff Walter Green's civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is a pre-trial detainee currently confined at the Wayne County Jail in Detroit, Michigan. For the reasons stated below, plaintiff's application to proceed without prepayment of fees is denied and the complaint is dismissed without prejudice.

**II. COMPLAINT**

Plaintiff's complaint alleges that Defendant James A. Callahan, a judge with the Wayne County Circuit Court, violated his right to a speedy trial by not bringing him to trial on unspecified criminal charges within 180 days as required by M.C.R. 6.004C. Plaintiff further claims that unnamed members of the Detroit Police Department's Second Precinct held him for over seventy two hours after his arrest on these charges before having him arraigned. Plaintiff claims that defendant Kym Worthy, the Wayne County Prosecutor, violated his rights by failing

1

to sign the felony information that was used to charge him with these criminal offenses. Plaintiff claims that while incarcerated at the Wayne County Jail, he has been subjected to unsanitary living conditions by unnamed personnel of the Wayne County Sheriff's Department.

### III. DISCUSSION

Plaintiff has asked to proceed without prepayment of fees. Plaintiff's complaint, however, involves claims which arise out of separate incidents and which involve different parties and unrelated issues. "[C]oncerns about management of a case in which plaintiffs are allowed to join claims arising from separate incidents each involving different parties and predominantly unrelated issues weigh heavily against exercising discretion, when any exists under the Federal Rules, to bring into one civil action such a complex array of claims and parties. This is an added reason for early case screening in which the court, in the exercise of case management authority, imposes some form of reasonably stringent particularity-of-claim requirement." *Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994).

Fed. R. Civ. P. Rule 20(a) limits the joinder of parties in single lawsuit, whereas Fed. R. Civ. P. 18(a) limits the joinder of claims. Fed. R. Civ. P. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. Rule 18(a) states: "A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party."

Where multiple parties are named, as in this case, the analysis under Fed. R. Civ. P. Rule

20 precedes that under Fed. R. Civ. P. Rule 18:

> "Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18 ..."

> "Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all ..."

*Proctor v. Applegate,* 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009)(*quoting Garcia v. Munoz,* 2008 WL 2064476, *3 (D.N.J. May 14, 2008)(*quoting*, Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, 7 Federal Practice & Procedure Civil 3d, § 1655).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor,* 661 F. Supp. 2d at 778. A federal court may consider many different factors when determining whether civil rights claims arise from the same transaction or occurrence, including, "the time period during which the alleged acts occurred; whether the acts of ... are related; whether more than one act ... is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (*quoting Nali v. Michigan Dep't of Corrections*, 2007 WL 4465247, * 3 (E.D. Mich. December 18, 2007)).

In the present case, plaintiff's attempt to join together a number of unrelated claims and defendants into one action would thwart the purpose of the Prison Litigation Reform Act (PLRA), which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz,* 361 F. 3d 906, 917 (6th Cir. 2004). Under the

3

PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1).  These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F. 3d 1126, 1127-28 (5th Cir. 1997).  The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding *in forma pauperis*, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). The "three strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich,* 148 F. 3d 596, 603 (6th Cir. 1998).

The Seventh Circuit has explained that a prisoner like plaintiff may not join in one complaint all the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) ..."
>
> "A buckshot complaint that would be rejected if filed by a free person-say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions-should be rejected if filed by a prisoner."

*George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007).

The Fifth Circuit has likewise discouraged "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision. *See Patton v. Jefferson Correctional Center*, 136 F. 3d 458, 464 (5th Cir. 1998).

"In light of the PLRA provisions ... to continue the practice of allowing joinder of claims which are not in compliance with Rule 18 and Rule 20 [of the Federal Rules of Civil Procedure] would be to defeat, or at least greatly dilute, the clear intent of the fee payment and three-strikes provisions of the statute." *Walls v. Scott*, 1998 WL 574903, * 3 (N.D.Tex. Aug. 28, 1998). Other courts have reached similar conclusions. *See Brown v. Blaine,* 185 Fed. App'x 166, 168-69 (3rd Cir. 2006)(allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA); *Shephard v. Edwards,* 2001 WL 1681145, * 1 (S.D. Ohio August 30, 2001)(declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"); *Scott v. Kelly,* 107 F. Supp. 2d 706, 711 (E.D. Va. 2000)(denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule); *Cf. Proctor,* 661 F. Supp. 2d at 777 (refusing to allow the joinder in a single multi-plaintiff complaint of a variety of claims, because "[E]ach separate claim by each plaintiff will require a particularized analysis regarding statute of limitations, exhaustion of administrative remedies, and on the substance."). *Harris v. Spellman,* 150 F.R.D. 130, 131-32 (N.D. Ill. 1993)(Permissive joinder was not available with respect to two inmates' pre-PLRA § 1983 claims which not only involved different occurrences, but also raised different issues of law; allegedly similar procedural errors do not convert independent prison disciplinary hearings into same "series" of transactions or occurrences for purposes of permissive joinder).

To allow plaintiff to proceed with these improperly joined claims and defendants in a single action would permit him to circumvent the PLRA's filing fee provisions and allow him to avoid having to incur a "strike," for purposes of by § 1915(g), should any of his claims turn out to be frivolous.

The Court recognizes that misjoinder of parties is not normally sufficient to dismiss an action in its entirety, although misjoined parties can be dismissed from the action by the Court. *See Proctor,* 661 F. Supp. 2d at 781 (citing Fed. R. Civ. P. 21)(additional citations omitted). However, in this case, there are further problems with plaintiff's complaint that favor dismissal of the entire action. Plaintiff's application to proceed without prepayment of fees is insufficient because plaintiff did not include a signed certification of prison trust fund account or a current computerized trust fund account showing the history of the financial transactions in plaintiff's institutional trust fund account for the past six months. 28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison or jail at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

Plaintiff also failed to provide enough copies of the complaint for service upon all of the defendants. In addition, plaintiff has failed to identify the defendants whom were involved with the alleged violations of his constitutional rights either at the Detroit Police Department or at the Wayne County Jail. Where a plaintiff is proceeding *in forma pauperis,* the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who

must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Williams v. McLemore,* 10 F. App'x 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d). Because plaintiff has not properly identified all of the defendants whom he wishes to sue, the current complaint is deficient.

Accordingly, the Court will deny plaintiff's application to proceed without prepayment of fees and will dismiss the complaint without prejudice.

**IV.  ORDER**

IT IS ORDERED that "Prisoner's Application to Proceed Without Prepayment of Fees and Costs and Authorization to Withdraw Funds from Trust Fund Account" [Court Docket Entry # 2] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the "Prisoner Civil Rights Complaint" [Court Docket Entry # 1] is DISMISSED WITHOUT PREJUDICE.

**SO ORDERED.**

        s/Paul D. Borman  
        PAUL D. BORMAN  
        UNITED STATES DISTRICT JUDGE

Dated:  April 23, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 23, 2014.

        s/Deborah Tofil  
        Case Manager